# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL J. FEROLA, )<br>#2291941, )<br> ) <br>Petitioner, )<br> )<br>v. )<br> )<br>Warden of Perry Correctional )<br>Institution, )<br> )<br>Respondent. )<br>_____) | CIVIL ACTION NO. 0:07-2020-RBH-BM<br><br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on July 5, 2007.[1]

The Respondent filed a return and motion for summary judgment on October 10, 2007. As the Petitioner is proceeding pro se, a Roseboro order was filed on October 11, 2007, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

Petitioner thereafter filed a response in opposition to the motion for summary judgment on January 2, 2008, and an additional reply on January 11, 2008. This matter is now before

---



[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).



the Court for disposition.[2]

## Procedural History

Petitioner was indicted in November 2002 in York County for possession of a firearm during commission of a violent crime [Indictment No. 00-GS-46-3001] and armed robbery [Indictment No. 00-GS-46-3005]. (R.pp. 94-95, 98-99). Petitioner was represented by B.J. Barrowclaugh, Esquire, and pled guilty to the charges on March 26, 2003, (R.pp. 1-17). Pursuant to plea negotiations, the prosecution recommended a minimum sentence of sixteen (16) years and a maximum of eighteen (18) years; (R.p. 3); and the trial judge sentenced Petitioner to concurrent terms of seventeen (17) years for armed robbery and five (5) years on the possession charge. (R.pp. 16, 102-103). Petitioner did not appeal his convictions and/or his sentence.

On August 19, 2003, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Ferola v. State of South Carolina, No. 03-CP-46-2247. Petitioner raised the following issues in his APCR:

(1) Ineffective Assistance of Counsel;

(2) Lack of Subject Matter Jurisdiction[3]; and

(3) Involuntary guilty plea.

(R.p. 20).

Petitioner was represented in his APCR by Michael Atwater, Esquire, and an evidentiary hearing was held on Petitioner's application on June 30, 2005. (R.pp. 32-85). On July 14, 2005, the PCR judge

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]This issue was withdrawn at the hearing. (R.p. 38).



entered an order denying and dismissing the petition with prejudice. (R.pp. 87-91).

Petitioner then filed a Petition for Writ of Certiorari, appealing the denial of his APCR. (Respondent's Exhibit Two). Petitioner was represented on appeal by Robert M. Packhak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed a Johnson[4] petition raising the following issue:

> There was insufficient evidence to support the PCR judge's findings that defense counsel was not ineffective in failing to inform petitioner of the collateral consequences of pleading to a no parole offense under S.C. Code § 24-21-460 dealing with the community supervision program and its consequences.

See Petition, p. 4 (Respondent's Exhibit Three).

Petitioner then filed his own pro se brief setting forth the following issues:

> Whether there was any evidence to support the PCR Judge's findings that counsel was not ineffective when he told petitioner that he would be considered for parole after serving seven years under S.C. Code 16-11-330.
>
> Whether the Court at a plea hearing must informed the Petitioner of the community supervisor program and it's direct consequences during a plea.
>
> Whether the sentencing judge at a plea hearing must inform a defendant in open court that he/she must serve 85% percent before release.
>
> Whether the circuit court erred in denying petitioner motion for default for the state's failure to file a reply to said PCR application for (15) months.
>
> Whether counsel was ineffective in failing to file a motion for speedy trial after petitioner requested him to.

See Petition, p. 2 (Respondent's Exhibit Four).

On January 4, 2007, the South Carolina Supreme Court denied the petition. Ferola v. State, (S.C.Sup.Ct. filed Jan. 4, 2007)(Respondent's Exhibit Five). The Remittitur was issued on January

---

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).



23, 2007.  (Respondent's Exhibit Six).

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner asserts the following grounds for relief:

**Ground One:** Ineffective assistance of counsel.

<u>Supporting facts</u>: Counsel informed Petitioner he would be parole eligible after serving (7) years under S.C. Arm Robbery Statute. Counsel failed to file a speedy trial motion on Petitioner behalf. Counsel failed to inform petitioner of S.C. Code of Laws Mandatory Community Supervision law.

**Ground Two:** Involuntary Guilty Plea.

<u>Supporting facts</u>:  Petitioner counsel never informed Petitioner that he would be required to serve a two year community supervision at the end of his sentence and that Petitioner could end up serving an additional (17) years on supervision, further petitioner counsel told petitioner he would be parole eligible after serving (7) years pursuant to S.C. Arm Robbery Statute.

**Ground Three**: Court failed to inform of a mandatory community supervision statute.

<u>Supporting facts</u>: Petitioner was never informed by Counsel or the trial judge at plea that pursuant to S.C. Code of Laws 24-21-560 that he would be required to served (2) years community supervision at the end of his sentence and under said law petitioner could serve an additional (17) years for a total of (34) years on a charge that calls for a maximum of (30) years.

See Petition, pp. 7-9.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

4



the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner asserts that his counsel was ineffective in three respects: 1) counsel allegedly informed Petitioner he would be parole eligible after seven (7) years; 2) counsel allegedly failed to file a speedy trial motion for Petitioner; and 3) counsel allegedly failed to inform Petitioner of the community supervision provision applicable to the armed robbery offense. These issues were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Mathis v. South Carolina, No. 05-CP-42-2640.

Specifically, the PCR judge found: 1) that by entering his plea of guilty, Petitioner had waived his right to a speedy trial, a preliminary hearing, and by entering his plea, he accepted the status of discovery as it existed at that time; 2) that Petitioner expressed satisfaction with plea counsel at his plea; 3) that Petitioner was advised that robbery is a no parol offense at his plea; 4) that Petitioner testified he remained silent during his plea because it wasn't up to him to correct errors

5



or voice concerns; 5) that Petitioner testified he believed this was the responsibility of his counsel; 6) that Petitioner exhibited a cavalier attitude as to his obligations to affirmatively protect his interests; 7) that Petitioner's position seemed to be that he was absolved of any responsibility to be truthful and honest with the Court as it was counsel's responsibility to protect Petitioner's interests even if Petitioner knew or thought counsel was not fulfilling their obligation; 8) that this attitude and position was preposterous; 9) that while Petitioner claimed that plea counsel was ineffective for not informing him of all of the collateral consequences of a no parole offense, plea counsel was not ineffective for failing to inform Petitioner of a collateral consequence; 10) that plea counsel testified that he fully explained to Petitioner that armed robbery was a no parole offense and did not tell him that he would be parole eligible after 7 years; 11) that this testimony was credible and found to be a fact by the Court; i.e. Petitioner was told that armed robbery was a no parole offense and he was not told he would be parole eligible after serving 7 years; 12) that while Petitioner relied on a letter he sent to plea counsel dated March 25, 2003, wherein Petitioner recited that he understood he would be eligible for parole, this letter was not received by plea counsel before the entry of the plea on March 26, 2003; 13) that Petitioner is intelligent and no stranger to the judicial system; and 14) that Petitioner was told by the judge at his plea that if he disagreed with the proceedings, he could file an appeal within ten (10) days. (R.pp. 89-91).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).



> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. See Lenz v. Washington, 444 F.3d 295, 299-301 (4th Cir. 2006) [Discussing the relation between § 2254(d)(2) and § 2254(e)(1)]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes



"whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).  Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.   Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

### a.  Failure to inform of no Parole eligibility after Seven Years

Petitioner argues that his counsel was ineffective for telling him that he would be parole eligible after seven (7) years.  However, Petitioner's counsel testified that he fully explained to Petitioner that armed robbery was a no parole offense, and specifically did not tell him that he would be parole eligible after seven (7) years.  (R.p. 67).  The PCR court found that trial counsel's testimony was credible and that Petitioner's counsel was not ineffective with respect to this issue. In addition, the record reflects that the Solicitor stated on the record at Petitioner's plea, "the armed robbery you know, Your Honor, is a violent and a most serious offense and non-parolable," and that

8



the trial judge specifically instructed Petitioner prior to his entering his plea that the armed robbery charge was a "no-parolable offense". (R.pp. 3-4).

The undersigned can find no basis in the record or the applicable caselaw to overturn the findings of the state court. Evans, 220 F.3d at 312. Further, Petitioner has also failed to show that even if his counsel had told him that he would *not* be eligible for parole (which Petitioner claims he did not), he would not have proceeded with the guilty plea anyway. To the contrary, even assuming counsel did not tell Petitioner he was parole ineligible, the record shows that prior to entering his plea Petitioner was informed that he would not be eligible for parole by both the Solicitor and the Judge, following which he stated he understood and then proceeded to plead guilty.

Petitioner has therefore failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable or contrary to law. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Lenz, 444 F.3d at 299-301. This claim is without merit and should be dismissed.

### b) Failure to file a Speedy Trial Motion

Petitioner also argues that his counsel was ineffective for failing to file a speedy trial motion. However, since this ground states a non-jurisdictional claim antecedent to his guilty plea, and since Petitioner has not shown that his guilty plea was not knowingly and voluntarily entered;

9



see discussion, supra; he has waived any pre-plea ineffective assistance claim regarding this issue. *Cf.* Sullivan v. Goord, No. 05-60601, 2007 WL 2746900 at *4 (W.D.N.Y. Sept. 19, 2007)(quoting Schwartz v. Connell, No. 05-10305, 2006 WL 3549660 at * 5 (S.D.N.Y. Dec. 6, 2006)["Petitioner argues that [trial counsel's] not moving to dismiss the charges did affect his plea because had he know of this 'prosecution-ending' motion, he would not have pled guilty.  A motion to dismiss for a duplicitous indictment is similar to a speedy trial motion in that both can result in a dismissal of charges against the defendant.  Both errors, however, are rendered irrelevant in the face of defendant's plea of guilty since this admission is, in most cases, convincing factual evidence of actual guilt."]; Vasquez v. Parrott, 397 F.Supp.2d 452, 464 (S.D.N.Y. 2005)["The petitioner's unconditional guilty plea waives the separate claim that he was denied effective assistance of counsel because of his counsel's failure to support the second speedy trial motion, because that motion did not relate to the character of his guilty plea.."]

Therefore, as this claim was waived by Petitioner's guilty plea, it should be dismissed. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996);  United States v. Austin, No. 96-6121, 1996 WL 295278 at **1 (4th Cir. June 5, 1996)[Non-jurisdictional claims antecedent to Petitioner's guilty plea were waived by the guilty plea].

**c) Failure to inform Petitioner of the Applicable Community Supervision Provision**

Petitioner also contends that his counsel was ineffective for failing to inform him of South Carolina's community supervision requirement, which requires additional monitoring following a prisoner's release and which can provide for additional imprisonment if the former prisoner fails to abide by the requirements of the program. See S.C.Code Ann. § 24-21-560 (Supp. 2001).  Petitioner's trial counsel conceded at the PCR hearing that he did not inform Petitioner about

10



the community supervision requirement, at least insofar as it related to Petitioner being subject to this requirement even if he served 100% of his sentence or potentially having to serve additional time in prison. (R.p. 76). However, the undersigned does not find that Petitioner was denied effective assistance of counsel due to this failure, as Petitioner has not shown that his counsel had a duty to inform him of this community supervision requirement, which was a collateral consequence of his plea. Jackson v. State, 562 S.E.2d 475, 475-476 (S.C. 2002)[finding that counsel is not required to inform a criminal defendant about collateral consequences of a plea such as parole eligibility or community supervision requirements]; see also George v. Black, 732 F.2d 108, 110-111 (8th Cir. 1984).

While it is true that, under some circumstances, a criminal defendant may be entitled to relief because of a mistake involving a collateral consequence of a plea, such a situation arises only where the defendant is "grossly misinformed about [the collateral consequences] by his lawyer", and then relies on that misinformation such that it induces the defendant to enter a plea. *Cf.* Strader v. Garrison, 611 F.2d 61, 65 (4th Cir. 1979)["[T]hough parole eligibility dates are collateral consequences of the entry of a guilty plea of which a defendant need not be informed if he does not inquire, when he is grossly misinformed about it by his lawyer, and relies upon that misinformation, he is deprived of his constitutional right to counsel. When the erroneous advice induces the plea, permitting him to start over again is the imperative remedy for the constitutional deprivation."] Here, Petitioner does not allege that he inquired about this program and received incorrect information from counsel. Rather, Petitioner only contends that his counsel failed to inform him about the community supervision requirement, and since Petitioner's counsel had no duty to inform Petitioner about such a collateral matter, Petitioner has not shown his counsel was deficient on this basis.

11



Nor has Petitioner shown the necessary prejudice to succeed on this claim. Strickland v. Washington, supra. Petitioner has presented no cogent argument to show that he would not have entered his plea had he inquired about and been informed of this community supervision requirement. Hence, Petitioner has failed to show that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding or of federal law]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Petitioner's claim that his counsel was ineffective on this ground is without merit, and should be dismissed. Fisher, 215 F.3d at 446-447 [Court reviewed petitioner's ineffective assistance of counsel claims under the standards set forth in 28 U.S.C. § 2254(d)].

## II.

In Ground Two of his Petition, Petitioner contends that his guilty plea was involuntary because his counsel told him that he would be eligible for parole in seven (7) years and did not inform him about the community supervision provision. However, the record reflects that Petitioner had been advised by trial counsel, that he had made no inquiry concerning a supervision requirement, and that the consequences of his plea were fully explained to him by the Court, including that he was pleading to a non-parolable offense. The record also clearly shows that Petitioner further specifically stated at his plea hearing that by pleading guilty he understood he was giving up his right to remain silent, to a trial by a jury, to confront the victim and witnesses, and to have the state convince a jury of his guilt beyond a reasonable doubt. (R.pp. 5-6). Petitioner also stated that he was not promised



anything for his guilty plea other than a recommendation from the State of a sentence between sixteen (16) and eighteen (18) years, that he was satisfied with his lawyer, that his lawyer had fully discussed his case with him, and that his lawyer had discussed any possible legal defenses with him. (R.pp. 6-7). Counsel's testimony at Petitioner's PCR hearing also fails to reveal that counsel was ineffective with respect to his representation; (R.pp. 62-78); or that Petitioner did not otherwise intend to plead guilty.

The United States Supreme Court has ruled that "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, the Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. Statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d 167, 171 (4th Cir. 1981). Petitioner has provided no evidence to show ineffective assistance of counsel in his case. See discussion, supra.

Hence, the record shows that Petitioner chose to enter a plea of guilty, and that he did so freely and voluntarily. Little v. Allsbrook, 731 F.2d 238 (4th Cir. 1984); U.S. v. Futeral, 539 F.2d 329 (4th Cir. 1975); Brady v. United States, 397 U.S. 742 (1970) (pleading guilty to avoid a reasonable possibility of receiving a greater sentence does not constitute a coerced plea); Boykin v. Alabama, 395 U.S. 238 (1969); North Carolina v. Alford, 400 U.S. at 37 [Plea of guilty may be



accepted even when the Defendant asserts his innocence where the Defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt]. Petitioner has also failed to show that the state court's rejection of this claim was unreasonable. (R.pp. 89, 91); see Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, or was contrary to federal law]; Williams v. Taylor, supra. Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is therefore without merit and should be dismissed.

### III.

In Ground Three of his Petition, Petitioner contends that the trial court erred by not informing him about the community supervision provision. Although this issue was briefly referenced by the Petitioner during his PCR hearing; (R.p. 53); the only issue ruled on by the PCR court was whether *counsel* erred by failing to advise Petitioner of the supervision requirement, and Respondent correctly argues that this issue is therefore procedurally barred from consideration by this Court since it was not ruled on by the PCR court.

Petitioner did include the claim asserted here in his pro se appellate brief; however, that is of no matter since this claim had not been preserved for review on appeal. Plyler v. State, 424 S.E. 2d 477, 479 (S.C. 1992) [To be preserved for appeal, issue must have been both raised and ruled upon by the PCR court]; see also Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment]. Therefore, since the PCR court did not rule on this issue, it is barred from



further state collateral review; Plyler, 424 S.E.2d at 409 ; *cf.* Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at \*\*1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at \* 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted for purposes of the federal procedural bar. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at \*\*1.

Since this issue was not *properly* pursued and exhausted by the Petitioner in the state courts, federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice

15



> as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

While, as noted, Petitioner did raise this issue in his PCR *pro se* appellate brief, that does not provide cause for his procedural default and does not otherwise exhaust this claim because Petitioner could not pursue this issue in his PCR appeal since it was not addressed in the PCR court's order. Plyler, 4242 S.E.2d at 478-480. Therefore, Petitioner has failed to show cause for his procedural default on this issue. Furthermore, since Petitioner had no right to be informed of the collateral consequences of his plea, he has also failed to show any prejudice. See discussion (Ground I(c), supra. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. See discussion, supra; Jackson, 562 S.E.2d at 475-476; see also George, 732 F.2d at 110-111; Strader, 611 F.2d at 65**.**

      Finally, Petitioner has not shown that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

## **Conclusion**

      Based on the foregoing, it is recommended that the Respondent's motion for summary



judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

        The parties are referred to the Notice Page attached hereto.

                                                               _____
                                                             Bristow Marchant
                                                             United States Magistrate Judge

Columbia, South Carolina

May 5, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

