IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MICHAEL J. FEROLA, | ) | Civil Action No.: 0:07-cv-2020-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| COLLIE RUSHTON, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, currently incarcerated at the Tyger River Correctional Institution in Enoree, South Carolina, brought this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Pending before the court is Respondent's [Docket Entry #17] motion for summary judgment filed on October 10, 2007. This matter comes before the court with the Report and Recommendation [Docket Entry #32] of Magistrate Judge Bristow Marchant filed on May 6, 2008.[1]

The Magistrate Judge recommended that summary judgment be granted in favor of the Respondent and that Petitioner's petition be dismissed. Petitioner filed objections [Docket Entry #36] to the Magistrate Judge's Report and Recommendation on May 29, 2008.

Petitioner was indicted and subsequently pled guilty to armed robbery and possession of a firearm during the commission of a violent crime. Petitioner sets forth three grounds for relief in his petition. In Ground One, Petitioner argues that his trial counsel was ineffective for: 1) misinforming Petitioner that he would be parole eligible after seven (7) years; 2) failing

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1) (B), and Local Civil Rules 73.02(B)(2)(c) and (e).

to file a speedy trial motion at Petitioner's request; and 3) failing to inform Petitioner of the mandatory community supervision provision applicable to the armed robbery offense.  In Ground Two, Petitioner argues that his guilty plea was involuntary because his trial counsel failed to inform him accurately as to his parole eligibility and the mandatory community supervision provision.  In Ground Three, Petitioner argues that the trial court erred by not informing him about the mandatory community supervision provision.

In his Report and Recommendation, the Magistrate Judge found that: 1) Petitioner failed to meet his burden of showing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 698 (1984); 2) Petitioner failed to produce any evidence that his guilty plea was not made freely and voluntarily; and 3) Petitioner was procedurally barred from asserting that the trial court erred by not informing him about the mandatory community supervision provision applicable to armed robbery.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions.  28 U.S.C. § 636(b)(1).  However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

In his objections, Petitioner simply reargues his position regarding advice he alleges he received from his lawyer concerning parole eligibility, and the advice he did not receive from his lawyer and the court regarding the mandatory community supervision statute applicable to him.  He further argues that he should not be procedurally barred with regard to the claim that the trial court erred by not informing him about the community supervision provision.  The court agrees with the reasoning of the Magistrate Judge and overrules the Petitioner's objections.

With regard to the Petitioner's argument that the imposition of mandatory community supervision is a direct consequence of his guilty plea, rather than a collateral consequence, and that his failure to be advised of it affected the voluntariness of his guilty plea, the South Carolina Supreme Court held in *Jackson v. State*, 562 S.E.2d 475 (S.C. 2002), that mandatory participation in a community supervision program was a collateral consequence of sentencing and that counsel was not ineffective for failing to inform the defendant of it.  The United States Supreme Court has not stated whether mandatory supervised release or community supervision is a direct or collateral consequence of a guilty plea.

Under AEDPA's deferential standard of review, a federal court is prohibited from granting habeas relief unless the state court's decision contradicts, or is an unreasonable application of, "clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Because there is no United States Supreme Court precedent that establishes that participation in a community supervision program constitutes a direct consequence rather than a collateral consequence, this court cannot conclude that the state PCR court's determination on the issue was contrary to, or an unreasonable application

3

of, clearly established federal law. *See Bustos v. White*, 521 F.3d 321, 325-26 (4th Cir. 2008) (holding that because there is no Supreme Court precedent establishing that parole ineligibility constitutes a direct, rather than a collateral, consequence of a guilty plea, there was no basis for determining that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law); *see also Virsnieks v. Smith*, 521 F.3d 707, 716 (7th Cir. 2008) (stating that "there can be no Supreme Court precedent to be contradicted or unreasonably applied, and therefore no habeas relief, when there is no Supreme Court precedent on point or where the Court has reserved the question").

In conclusion, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. Accordingly, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #32] of the Magistrate Judge. Respondent's [Docket Entry #17] motion for summary judgment is **GRANTED**. This case is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

Florence, South Carolina                                   s/ R. Bryan Harwell
June 25, 2008                                              R. Bryan Harwell
                                                           United States District Judge